UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHARON BROWN; ISRAEL; JEWS AND CHRISTIANS; USA; ALL PARTIES CONCERNED AND AFFECTED,

        Plaintiff,

-against-

COLUMBIA UNIVERSITY; HARVARD UNIVERSITY; HOME SCHOOLS; ALL SCHOOLS: PUBLIC, PRIVATE, PRE K, ELEMENTARY, INTERMEDIATE, HIGH SCHOOLS, COLLEGES, UNIVERSITIES,

        Defendants.

25-CV-3213 (LLS)

ORDER OF DISMISSAL

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants violated her rights. Plaintiff also filed an unsigned order to show cause for a preliminary injunction and temporary restraining order. (ECF 3.) By order dated April 23, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff Sharon Brown brings this action on her own behalf, and attempts to also bring it on behalf of "Israel, Jews and Christians, USA, All parties concerned and affected." (ECF 1, at 1.) Named as Defendants are Columbia University, Harvard University, "Home Schools," and "All Schools: Public, Private, Pre K, Elementary, Intermediate, High Schools, Colleges, Universities, etc[.]" (*Id.*) Plaintiff alleges,[1]

> "Students" at schools were attacking real students in the name of a fictitious place called "Palestine" the actual name for "Palestine" is Israel Gaza Israel; Judea and Samaria not "West Bank[.]" The Temple Mount not "Al Aqsa Mosque." From language teaching and facts about Israel's land and history/geography etc. "Students" are "protesting"/being terrorists against Jews and supporters of Jews, Israel and America.
>
> The schools are incorporating fictitious "facts" about life like "homosexuality" "transgender" "boys are girls" "girls are boys" Israel is "Palestine." The schools have actually incorporated lies and terrorism as lessons. "Students" are abusing Jews and Christians and all who tell the truth about Israel, the Bible, life, gender, sex. They call for intifada and jihad which is terrorism against those who support Israel, Jews, America. They remove American and Jewish flags from universities etc. Removed prayer, Judaism and Christianity from schools. "Teachers" teach

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

>   "students" antisemitism, Jew hatred, lies and terrorism against Jews, Israel,
>   America, truth.

(*Id.* at 5-6.)

In the section of the complaint form where she is asked to describe her injuries, Plaintiff states, "People have been attacked, not able to go to class, not safe on campus, not safe in class, not safe to wear items identifiably Jewish or Israeli, American, hinder education, devalue American universities, stop people from applying to these schools, teaching antisemitism." (*Id.* at 6.)

Plaintiff seeks "$1,000,000,000,000,000+" in damages and an order removing accreditation from universities, revoking charters and building permits for schools that "teach antisemitism and that facilitate terrorism," and requiring all schools to include prayer, worship, Gospel music, Jewish music, the Bible, the Ten Commandments, and "maps that show it's Israel not 'Palestine.'" (*Id.* at 7.)

## DISCUSSION

### A.   Claims brought on behalf of others

Plaintiff attempts bring claims on behalf of "Israel, Jews and Christians, USA, [and] All parties concerned and affected." (ECF 1, at 1.) As a nonlawyer, however, Plaintiff can only represent her own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that Section 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). The Court therefore dismisses without prejudice any claims Plaintiff is asserting on behalf of another party.

**B.**     **Standing**

The Court dismisses the claims Plaintiff asserts on her own behalf for lack of standing. Article III, Section 2, of the Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted). "Standing to sue or defend is an aspect of the case-or-controversy requirement." *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997).

To demonstrate standing, a plaintiff must show that: (1) she has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). The burden of establishing standing to sue rests with the party bringing the action. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, "a generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted).

Here, the complaint describes Plaintiff's positions on Israel, religion, social issues, and the education system. These positions, however, are not legal claims because they lack factual support demonstrating that a defendant caused Plaintiff to suffer an actual injury that is redressable by a federal court. She therefore lacks standing to bring this action, and consequently, the Court dismisses the action for lack of subject matter jurisdiction. *See Mahon*,

4

683 F.3d at 62 (noting that where "plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court denies Plaintiff's request for an order to show cause as moot. (ECF 3.)

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 18, 2025
        New York, New York

                                                Louis L. Stanton
                                                    U.S.D.J.